UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD GRANT,

Plaintiff,

v. Case No. 2:26-cv-557-KCD-KRH

RICKY DIXON, et al.,

Defendants.
_________________________________/

**ORDER**

Plaintiff Donald Grant, a prisoner of the Florida Department of Corrections (FDOC), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated because his cell lacked running water. (Doc. 1.) Grant proceeds *in forma pauperis* and sues government officials, so the Court is required to conduct an initial screening of his complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

After careful review, the Court dismisses the complaint because it does not state a claim on which relief may be granted. To proceed, Grant must file an amended complaint.

## I. Screening Standards

A prisoner who proceeds *in forma pauperis* in this Court must have his complaint screened in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b)(1)-(2).

The rules governing dismissals for failure to state a claim under the screening statutes are largely the same as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). And under Rule 12(b)(6), a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "naked assertions[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.[1] Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Likewise, a complaint may be dismissed as

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

frivolous when the Court discerns from its face "that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008).

## II. Discussion

Grant alleges that on December 6, 2023, his cell at Charlotte Correctional Institution lost access to running water. (Doc. 1 at 5.) As a result, the toilet would not flush, and he could not use the sink for "drinking water" or "to brush [his] teeth." (*Id.*) Two days later, Grant filed his "first grievance" about the lack of running water, and he separately "reported" the issue to "the duty warden and captain." (*Id.*) Grant had to wait "hours before getting an officer to flush [the] toilet." (*Id.*) He also appears to allege that at some point, a fellow inmate "flush[ed] [the] toilet and brought water." (*Id.*) All told, Grant spent "approximately ten days" with no running water in his cell. (*Id.* at 7.) According to Grant, the conditions in his cell caused "stomach and intestinal infections," adversely affected his "diet and appetite," and harmed his "inner physical being as well as mental." (*Id.* at 5.)

Based on these allegations, Grant brings Eighth Amendment claims against Ricky Dixon, Captain Doodley, John Doe (Warden), and John Doe (Duty Warden) in their official capacities. (*Id.* at 2-3.) He also asserts Eighth Amendment claims against Officer Melendez, Sergeant Synder, and Officer Torres in their individual capacities. (*Id.* at 13.) Plaintiff seeks $50,000 in

"actual damages" and $25,000 in punitive damages from each defendant. (*Id.* at 5.)

**A. Grant fails to state an Eighth Amendment claim.**

A conditions-of-confinement claim under the Eigth Amendment "requires a two-prong showing": (1) "an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities" and (2) "a subjective showing that the official had a sufficiently culpable state of mind." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). With respect to the objective inquiry, a plaintiff "must at the very least show that a condition of his confinement pose[d] an unreasonable risk of serious damage to his future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). With respect to the subjective inquiry, the plaintiff must show that prison officials acted with "deliberate indifference" to the risk of harm. *Thomas*, 614 F.3d at 1304.

Grant fails to plausibly allege that the conditions in his cell "pose[d] an unreasonable risk of serious damage to his future health or safety." *Chandler*, 379 F.3d at 1289. He claims that his cell lacked running water, but he "does not state that he did not have water or liquids available from other sources, such as with his meal, with a snack, or when he showered." *Russell-El v. Culliver*, No. 09-cv-120-WS-N, 2010 WL 1873095, at *2 (S.D. Ala. Apr. 16,

2010). Nor does he allege that he "could not have a cup or a bottle of water in his cell." *Id.* Without more, the bare allegation that Grant lacked immediate access to running water in his cell is insufficient to establish an Eighth Amendment violation. *See Steele v. Watts*, No. 13-cv-399-WS-N, 2016 WL 5662059, at *9 (S.D. Ala. Aug. 16, 2016).

Likewise, Grant claims that the toilet in his cell lacked running water, but he also alleges that a prison official could flush the toilet upon request, and that a fellow inmate once "brought water" to "flush [the] toilet." (Doc. 1 at 5.) Although Grant allegedly had to wait "hours" before the toilet was flushed, (*id.*), "the situation, as alleged in the complaint, does not show a deprivation of the minimal civilized measure of life's necessities," *Russell-El*, 2010 WL 1873095, at *3; *see also Jihad v. Wright*, 124 F.3d 204, 204 (7th Cir. 1997) (finding that the "discomfort from the smell of [an] unflushed toilet which was flushed every four hours by prison officers" was "not sufficiently serious to support a claim under the Eighth Amendment"); *Robinson v. Reese*, No. 7:11-cv-1092-LSC, 2013 WL 1282334, at *1 (N.D. Ala. Mar. 22, 2013) (no constitutional violation where plaintiff "claim[ed] that guards only flushed [his] toilet every 3 to 4 hours").

In short, Grant fails to state an Eighth Amendment claim because the facts alleged in the complaint do not establish an "extreme deprivation" posing

"an unreasonable risk of serious damage to [his] future health or safety." *Sumrall v. Ga. Dep't of Corr.*, 154 F.4th 1304, 1314 (11th Cir. 2025).

**B. Plaintiff fails to state a claim against any named defendant.**

Even if his factual allegations were sufficient to plead a constitutional violation, Grant fails to state a claim against any named defendant. First, Plaintiff sues Ricky Dixon, Captain Doodley, John Doe (Warden), and John Doe (Duty Warden) in their official capacities. (Doc. 1 at 2-3.) But an official-capacity claim against an FDOC official or employee is simply a claim against the FDOC. And the FDOC is a state agency for Eleventh Amendment purposes. *See, e.g., Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes"). Under the Eleventh Amendment, states and state agencies cannot be sued for monetary damages in federal court without consent. *Pennhurst State School & Hospital v. Halderman*, 465 US. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether the claims are brought under federal or state law. *Id.* Neither Florida nor the FDOC has consented to suit in federal court, or waived Florida's Eleventh Amendment immunity for the types of claims raised in Grant's complaint. Thus, Grant

cannot pursue his official-capacity claims against Dixon, Captain Doodley, and the John Doe defendants.

Second, Grant brings individual-capacity claims against Officer Melendez, Sergeant Synder, and Officer Torres. (Doc. 1 at 13.) But he says nothing about their involvement in the events described in the complaint. Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such a "causal connection" may be established by showing that "the official was personally involved in the acts that resulted in the constitutional deprivation." *Id.* This means that "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added). Grant alleges no facts connecting Officer Melendez, Sergeant Synder, or Officer Torres to the plumbing issues in his cell. This pleading deficiency deprives Defendants of fair notice of the claims against them. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

## III. Conclusion

Grant has not stated a cognizable claim for relief against any named defendant. To the extent he wishes to do so—and can comply with the applicable procedural rules and the orders of the Court—Grant may file an amended complaint. An amended complaint supersedes the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011).

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

2. Within **TWENTY-ONE (21) DAYS** from the date of this Order, Grant may file an amended complaint, in compliance with this Order. The **Clerk** is **DIRECTED** to send Grant a blank prisoner civil rights complaint form.

3. If Grant does not timely and **fully** comply with this Order in the time allotted or explain his inability to do so, this case will be dismissed without further notice.

**ORDERED** in Fort Myers, Florida on July 29, 2026.

Kyle C. Dudek
United States District Judge